UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| DAVID W. CASTRO RUIZ, et al., | |
| Plaintiffs, | Civil No. 12-1174 (JAF) |
| v. | |
| STARWOOD HOTELS AND RESORTS WORLDWIDE, INCORPORATED, et al., | |
| Defendants. | |

**OPINION AND ORDER**

Pending before us is Plaintiffs' "Motion to Remand to State Court," and their request for voluntary dismissal of their federal claim. (Docket Nos. 7; 18.) This employment case came to us after removal from Commonwealth Court on March 12, 2012. Plaintiffs then filed a motion requesting a remand of the case to Commonwealth court. (Docket No. 7.) Defendants opposed. (Docket No. 11.) On May 14, 2012, Defendants answered the complaint. (Docket No. 12.) Subsequently, on Monday, July 17, 2012, Plaintiffs attempted to voluntarily dismiss without prejudice their claim under the Fair Labor Standards Act, 29 U.S.C. § 201—the only federal cause of action in this case—under Federal Rule of Civil Procedure 41(a)(1)(A)(i). (Docket No. 18.) Defendants oppose. (Docket No. 19.)

**1.   Voluntary Dismissal**

Plaintiffs framed their motion as giving "notice" to this court of their voluntary dismissal. (Id.) However, Plaintiffs failed to comply with Rule 41(a)(1)(A)(i), which requires the filing of "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A)(i).

> Rule 41(a)(2) governs the terms and conditions of dismissal when the defendant has filed an answer or motion for summary judgment. Specifically, said section provides that "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as

Civil No. 12-1174 (JAF) -2-

>the court deems proper . . . [u]nless otherwise specified in the order, a dismissal under this paragraph is also without prejudice." Therefore, it is within the district court's sound discretion.

Cruz-Mendez v. Hosp. Gen. Castaner, Inc., 637 F. Supp. 2d 73, 75 (D.P.R. 2009) (citing Fed. R. Civ. P. 41(a)(2)).

Rule 41(a)(2) permits voluntary dismissal as long as no other party will be prejudiced. Doe v. Urohealth Sys., Inc., 216 F.3d 157, 160 (1st Cir. 2000). In determining whether to grant voluntary dismissal, courts will "typically look to 'the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and the fact that a motion for summary judgment has been filed . . . .'" Id. This case is still in its early stages, no dispositive motions are pending, and the parties have not yet started or even scheduled discovery. Plaintiffs have not been dilatory, and we perceive no prejudice to Defendants. Therefore, we permit voluntary dismissal without prejudice of the federal claim.

**2.** **Remand**

We now turn to Plaintiffs' request for remand. Defendants, as the parties opposing remand and urging jurisdiction, have the burden to demonstrate this court's subject matter jurisdiction, and we note that "'all doubts should be resolved in favor of remand.'" San Antonio-Trinidad v. Marriott P.R. Mgmt. Corp., 773 F. Supp. 2d 244, 248 (D.P.R. 2011) (quoting Boyer v. Snap-on Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990)). Defendants argue that, despite Plaintiffs' attempts to voluntarily dismiss their FLSA claim, the "FLSA remains implicated . . . . since the state law claims . . . reference the FLSA." (Docket No. 19 at 2.) We reject this argument. Defendants cite no authority when arguing that unspecified references to the FLSA should prevent remand. "Furthermore, the Court of Appeals for the First Circuit has held that the FLSA does not preempt state legislation in the areas of wages and work conditions." Bolduc v. Nat'l Semiconductor Corp., 35 F. Supp. 2d 106, 117 (D. Me. 1998) (citing Maccabees Mut. Life Ins. Co. v. Perez–Rosado, 641

F.2d 45, 46 (1st Cir.1981)); see also Cosme Nieves v. Deshler, 786 F.2d 445, 452 (1st Cir. 1986) (citing 29 U.S.C.A. § 218) ("Section 218(a) simply makes clear that the FLSA does not preempt any existing state law that establishes a higher minimum wage or a shorter workweek than the federal statute."); McCormick v. Festiva Dev. Group, LLC, Civ. No. 09-365, 2010 WL 582218 (D. Me. Feb. 11, 2010) (rejecting argument that FLSA preempts the plaintiffs' ability to bring a class action 23 for parallel state law claims).

Plaintiffs have voluntarily dismissed their FLSA claim, but the complaint retains a variety of claims under Commonwealth law statutes such as laws 80, 180, and 379. In San Antonio-Trinidad, a court in this district rejected a substantially similar argument regarding potential FLSA preemption of Commonwealth employment claims. 773 F. Supp. at 247–48. That court noted that "Law 180," 29 L.P.R.A. § 250, specifically states that the FLSA "shall automatically apply to the workers in Puerto Rico covered by the federal act," and held that the complaint's identification of the defendant "as an employer subject to the FLSA is not an attempt to seek relief pursuant to the FLSA, but rather an assertion made as part of a claim under law 180." Id. (citing 29 L.P.R.A. § 250 (1998)). Like the San Antonio court, we also hold that the complaint's assertions "do not raise a substantial federal issue that needs to be resolved for [Plaintiffs] to obtain relief." Id.

Defendants next argue that "additional federal questions at issue" in this case preclude remand, because Plaintiffs' claims under 29 L.P.R.A. § 175 ("Law 17") actually arise under the federal Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 (1974). (Docket No. 19 at 2.) Although the Complaint contains no mention of any retirement plan, Defendants argue that "[t]hrough clarification from Plaintiffs' counsel and Starwood's investigation of Plaintiffs' claims, it has become apparent that one of the deductions from Plaintiffs' wages is towards the Puerto Rico Savings and Retirement Plan." (Id.) Defendant is correct that "any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy" is pre-empted. Aetna Health Inc. v. Davila, 542 U.S. 200, 209 (2004). However, Defendants'

Civil No. 12-1174 (JAF)                                                                                                    -4-

conclusory allegations do not change the fact that no such plan or plan deductions ever appear in the complaint. Plaintiffs do not seek to recover the "benefits of an ERISA plan, enforce [their] rights under an ERISA plan, or clarify [their] rights to future benefits. Thus, without a valid claim for benefits as defined by ERISA, there is no 'cause of action within the scope of the civil enforcement provisions . . . removable to federal court.'" San Antonio-Trinidad, 773 F. Supp. at 247 (citing Aetna Health, 542 U.S. at 209). Therefore, Defendants have failed to carry their burden of demonstrating our subject matter jurisdiction in this case. Id. at 248.

Having found no preemption or federal claims lurking in disguise, we now determine whether this case warrants remand. This court had subject matter jurisdiction at the time of removal but, after voluntary dismissal of the only federal claim, this court now faces a "discretionary choice not to hear the [Commonwealth claims] despite its subject-matter jurisdiction over them." Carlsbad Tech., Inc. v. HIF Bio, Inc., 556 U.S. 635, 640 (2009) (citing Chicago v. Int. Coll. of Surgeons, 522 U.S. 156, 173 (1997) ("When a district court remands claims to a state court after declining to exercise supplemental jurisdiction, the remand order is not based on a lack of subject-matter jurisdiction for purposes of §§ 1447(c) and (d)."). In this pragmatic and case-specific calculus, courts consider factors such as "concerns of comity, judicial economy, convenience, fairness, and the like". Roche v. John Hancock Mut. Life Ins. Co., 81 F.3d 249, 257 (1st Cir. 1996) (citations omitted).

Here, the litigation is still in its infancy, and remand would not "cause undue delay or duplicative effort." Tarr v. Town of Rockport, 405 F. Supp. 2d 75, 78 (D. Mass. 2005) (citing Roche, 81 F.3d at 257). Although Defendants have answered the complaint, no dispositive motions have been filed, and "[n]one of the milestone deadlines and settings (e.g. discovery deadline, pretrial, settlement and trial dates)" that mark the life of a case have passed, nor has discovery been conducted. Maldonado v. P.R. Indust. Mfg. Operation Corp., 352 F. Supp. 2d 161, 164 (D.P.R. 2004). Finally, Commonwealth courts offer the fitting forum to consider Plaintiffs' Commonwealth

Civil No. 12-1174 (JAF) -5-

law employment claims, and we find that the concerns of comity, judicial economy, convenience, and fairness all point to a remand. In "light of the preceding assessment, the small margin of efficiency to be achieved by this court's retention of the case is outweighed by the countervailing considerations in support of remand." Tarr, 405 F. Supp. 2d at 78.

We hereby **GRANT** Plaintiffs' request for voluntary dismissal without prejudice of their federal claim, (Docket No. 18), and we **GRANT** Plaintiffs' motion seeking remand to Commonwealth court (Docket No. 7.).

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 27th day of July, 2012.

                                        s/José Antonio Fusté
                                        JOSE ANTONIO FUSTE
                                        United States District Judge